Nos. 25-1206, 25-1772

# In The United States Court of Appeals for the First Circuit

**MONTEREY BAY AQUARIUM FOUNDATION,**
*Defendant-Appellant,*

*v.*

**BEAN MAINE LOBSTER, INC.; MAINE LOBSTERMEN'S ASSOCIATION; MAINE COAST FISHERMEN'S ASSOCIATION, INC.; MAINE LOBSTER AND PROCESSING, LLC, d/b/a ATWOOD LOBSTER, LLC; BUG CATCHER, INC.,**
*Plaintiffs-Appellees.*

## DEFENDANT-APPELLANT'S CONSENT MOTION TO CONSOLIDATE APPEALS

RUSSELL B. PIERCE, JR.
NORMAN, HANSON, & DETROY, LLC
  220 Middle Street, P.O. Box 4600
  Portland, ME 04112
  (207) 774-7000
  (207) 775-0806 (fax)
  rpierce@nhdlaw.com

LISA S. BLATT
  *Counsel of Record*
JOSEPH M. TERRY
AMY MASON SAHARIA
NICHOLAS G. GAMSE
ALEXANDRA M. GUTIERREZ
CLAIRE R. CAHILL
WILLIAMS & CONNOLLY LLP
  680 Maine Avenue, S.W.
  Washington, DC 20024
  (202) 434-5000
  (202) 434-5029 (fax)
  lblatt@wc.com

Pursuant to Rule 27(a) of the Federal Rules of Appellate Procedure, and as authorized by Federal Rule of Appellate Procedure 3(b)(2), Defendant-Appellant Monterey Bay Aquarium Foundation, with the consent of the Plaintiffs-Appellees, hereby moves to consolidate appeal No. 25-1206 with appeal No. 25-1772.

The Court invited the submission of this motion, and indicated that, absent the filing of any motion, it could consolidate these appeals sua sponte.  Order, No. 25-8012, at 1 (Aug. 13, 2025).  The Aquarium agrees that consolidation would be prudent here.  Both appeals arise from the same order addressing a single defamation claim, and so consolidation would prevent bifurcated briefing of related issues and thereby promote judicial economy.

This Court should thus enter an order consolidating appeal No. 25-1206 with appeal No. 25-1772, and designating the earlier-filed case No. 25-1206 as the lead case.

## BACKGOUND

The underlying case concerns a single claim of defamation that Appellees—each of whom is associated with the lobster fishing industry—brought against the Aquarium.  The three issues raised in the

two pending appeals all concern dispositive defenses to that defamation claim.

On February 6, 2025, the district court denied the Aquarium's motion to dismiss Appellees' defamation claim. *Bean Maine Lobster, Inc. v. Monterey Bay Aquarium Foundation*, No. 2:23-cv-00129-JAW, ECF No. 56 (D. Me. Feb. 6, 2025). The district court first held that that Maine's anti-SLAPP statute did not bar Appellees' defamation claim. *Id.* at 100. The district court then addressed the Aquarium's various defamation defenses. As relevant to the pending appeals, the district court also rejected the Aquarium's arguments that the challenged statements were not actionable because they concerned a large group and because they constituted protected opinion. *Id.* at 100, 112, 123.

On February 27, 2025, the Aquarium noticed the appeal of the district court order's anti-SLAPP ruling under the collateral-order exception to the final judgment rule. *Bean Maine Lobster, Inc. v. Monterey Bay Aquarium Foundation*, No. 2:23-cv-00129-JAW, ECF No. 67 (D. Me. Feb. 27, 2025). This appeal was docketed as No. 25-1206.

On March 21, 2025, the Aquarium moved to stay the briefing schedule in the anti-SLAPP appeal, pending resolution of its planned petition under 28 U.S.C. § 1292(b) for interlocutory review of the remainder of the district court's order. Mot. Stay, No. 25-1206 (March 21, 2025). The Aquarium's motion to stay noted that it would be "inefficient" to have "two dockets for interlocutory appeals in the same

case." *Id.* at 6.  This Court granted the Aquarium's motion to stay on April 23, 2025.

On April 25, 2025, the Aquarium submitted its § 1292(b) petition, so as to appeal the rulings on its defamation defenses.  Petition, No. 25-8012 (April 25, 2025).  Similar to its motion to stay, the Aquarium's petition noted that judicial economy would be served by allowing all of the dispositive questions raised in the district court's order to be heard at once, rather than in a piecemeal fashion across multiple appeals.  *Id.* at 4, 25.

On August 13, 2025, this Court granted the Aquarium's § 1292(b) petition for interlocutory review of the remainder of the district court's order, and separately ordered that the § 1292(b) appeal proceed as No. 25-1772.  Order, No. 25-8012 (Aug. 13, 2025).  The Court also advised that "[a]ny motion to consolidate the new appeal with Appeal 25-1206 should be filed as soon as practicable," and that "the court may sua sponte consolidate the appeals if no such motion is filed." *Id.* at 1.

## DISCUSSION

Consolidation of appeals is "encourage[d] . . . whenever feasible." Fed. R. App. P. 3 advisory committee's note (1967).  Consolidation here is warranted, to avoid overlapping briefing and needless waste of Court and party resources.

The anti-SLAPP appeal as of right and the defamation appeal pursuant to 28 § 1292(b) concern the same set of facts, involve the same parties, and arise from the same district court order. It would make little sense to conduct two parallel proceedings, adjudicated by different panels, when the factual and procedural history of these appeals is the same. *See*, *e.g.*, *Benavides v. Davis*, 2017 WL 11652641, at *1 (5th Cir. June 8, 2017) (consolidating appeal "in the interest of judicial economy" because "the issues and briefing overlap"). Consolidation of these appeals would thus "serve[] the interest of judicial economy and fairness" by significantly streamlining proceedings. *Vera-Lozano v. Int'l Broad.*, 50 F.3d 67, 70 (1st Cir. 1995) (addressing exercise of supplemental jurisdiction).

This Court itself has indicated that consolidation of these appeals is appropriate, including by inviting this motion. Order, No. 25-8012 (Aug. 13, 2025). This Court should join all of the issues raised in the district court's order in one single appeal, rather than proceeding with two separate dockets.

4

## CONCLUSION

For the foregoing reasons, the Court should grant the Aquarium's motion, consolidate appeal No. 25-1206 with appeal No. 25-1772, and designate the earlier-docketed appeal No. 25-1206 as the lead case.

Respectfully submitted,

By:     /s/ *Lisa S. Blatt*

LISA S. BLATT
  *Counsel of Record*
JOSEPH M. TERRY
AMY MASON SAHARIA
NICHOLAS G. GAMSE
ALEXANDRA M. GUTIERREZ
CLAIRE R. CAHILL
WILLIAMS & CONNOLLY LLP
  *680 Maine Avenue, S.W.*
  *Washington, DC 20024*
  *(202) 434-5000*
  *(202) 434-5029 (fax)*
  *lblatt@wc.com*

RUSSEL B. PIERCE, JR.
NORMAN, HANSON, &
DETROY LLC
  *220 Middle Street, P.O. Box 4600*
  *Portland, ME 04112*
  *(207) 774-7000*
  *(207) 775-0806 (fax)*
  *rpierce@nhdlaw.com*

ATTORNEYS FOR DEFENDANT-
APPELLANT MONTEREY BAY
AQUARIUM FOUNDATION

AUGUST 19, 2025

## CERTIFICATE OF COMPLIANCE

1. This Motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this Motion contains 808 words, which does not exceed 5,200 words.

2. This Reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Expanded BT, size 14.

/s/ *Lisa S. Blatt*

LISA S. BLATT

DATED: AUGUST 19, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system on August 19, 2025.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Lisa S. Blatt*

LISA S. BLATT

DATED:  AUGUST 19, 2025