# In The United States Court of Appeals for the First Circuit

**BEAN MAINE LOBSTER, INC.; MAINE LOBSTERMEN'S ASSOCIATION; MAINE COAST FISHERMEN'S ASSOCIATION, INC.; MAINE LOBSTER AND PROCESSING, LLC, d/b/a ATWOOD LOBSTER, LLC; BUG CATCHER, INC.,**
*Plaintiffs-Appellees,*

*v.*

**MONTEREY BAY AQUARIUM FOUNDATION,**
*Defendant-Appellant.*

## DEFENDANT-APPELLANT'S OPPOSITION TO PLAINTIFFS-APPELLEES' MOTION TO CERTIFY QUESTIONS TO THE SUPREME JUDICIAL COURT OF MAINE

RUSSELL B. PIERCE, JR.
NORMAN, HANSON, & DETROY, LLC
  220 Middle Street, P.O. Box 4600
  Portland, ME 04112
  (207) 774-7000
  (207) 775-0806 (fax)
  rpierce@nhdlaw.com

LISA S. BLATT
  *Counsel of Record*
JOSEPH M. TERRY
AMY MASON SAHARIA
NICHOLAS G. GAMSE
ALEXANDRA M. GUTIERREZ
CLAIRE R. CAHILL
WILLIAMS & CONNOLLY LLP
  680 Maine Avenue, S.W.
  Washington, DC 20024
  (202) 434-5000
  (202) 434-5029 (fax)
  lblatt@wc.com

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................1

BACKGROUND..........................................................................2

     A.   Factual Background ......................................................2

     B.   Procedural Background .................................................3

LEGAL STANDARD..................................................................5

ARGUMENT ..............................................................................6

    I.   Certification Is Unwarranted. .................................6

    II.   Certification Under 28 U.S.C. § 1292(b) Does Not "Militate" in Favor of Certification......................................11

    III.   Certification Would Needlessly Multiply and Delay This Litigation. ........................................................15

CONCLUSION ..........................................................................17

# TABLE OF AUTHORITIES

Page

## CASES

*Adelson v. Harris*, 774 F.3d 803 (2d Cir. 2014) .........................................10

*Arcand v. Evening Call Publ'g Co.*,
  567 F.2d 1163 (1st Cir. 1977) ...........................................................10, 12

*Brown v. Crown Equip. Corp.*, 501 F.3d 75 (1st Cir. 2007) ....................14

*Cheng v. Neumann*, 106 F.4th 19 (1st Cir. 2024) .....................................10

*Cheng v. Neumann*, 51 F.4th 438 (1st Cir. 2022) .......................................9

*City of Houston v. Hill*, 482 U.S. 451 (1987) ..............................................1

*Clarke v. Ky. Fried Chicken, Inc.*, 57 F.3d 21 (1st Cir. 1995) ........5, 6, 12

*Conformis, Inc. v. Aetna, Inc.*, 58 F.4th 517 (1st Cir. 2023) .............10, 12

*Cweklinsky v. Mobil Chem. Co.*, 297 F.3d 154 (2d Cir. 2002) .................10

*Desai v. Charter Comm'ns, LLC*, 835 F. App'x 25 (6th Cir. 2020) ........10

*Diaz v. NBC Universal, Inc.*, 536 F. Supp. 2d 337 (S.D.N.Y. 2008) ........7

*Doherty v. Merck & Co.*, 154 A.3d 1202 (Me. 2017) ..................................9

*Emerito Estrada Rivera-Isuzu de P.R., Inc. v. Consumers
  Union of U.S., Inc.*, 233 F.3d 24 (1st Cir. 2000) ...............................8, 15

*Franchini v. Investor's Bus. Daily, Inc.*,
  981 F.3d 1 (1st Cir. 2020), *certified question declined*,
  268 A.3d 863 (Me. 2022) .........................................................................16

*Glassie v. Doucette*, 55 F.4th 58 (1st Cir. 2022) .........................................5

*González Figueroa v. J.C. Penney P.R., Inc.*,
  568 F.3d 313 (1st Cir. 2009) ............................................................12, 15

*Kahl v. BNA, Inc.*, 856 F.3d 106 (D.C. Cir. 2017) ....................................15

Page

Cases—continued:

*Lemelson v. Bloomberg L.P.*, 903 F.3d 19 (1st Cir. 2018).........................9

*McKee v. Cosby*, 874 F.3d 54 (1st Cir. 2017)...................................8

*McKesson v. Doe*, 592 U.S. 1 (2020)............................................11

*Mich. United Conservation Clubs v. CBS News*,
    485 F. Supp. 893 (W.D. Mich. 1980),
    *aff'd* 665 F.2d 110 (6th Cir. 1981)............................................8

*Morse Bros. v. Webster*, 772 A.2d 842 (Me. 2001) ....................................16

*Mundell v. Acadia Hosp. Corp.*, 92 F.4th 1 (1st Cir. 2024) ......1, 6, 12, 15

*N.Y. Times v. Sullivan*, 376 U.S. 254 (1964) ..............................................7

*Nieves v. Univ. of P.R.*, 7 F.3d 270 (1st Cir. 1993) ...................................14

*Noonan v. Staples, Inc.*, 561 F.3d 4 (1st Cir. 2009) ..............................6, 9

*ONY, Inc. v. Cornerstone Therapeutics, Inc.*,
    720 F.3d 490 (2d Cir. 2013) ...............................................9, 11

*Pacira BioSciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.*,
    63 F.4th 240 (3d Cir. 2023).........................................................11

*Pan Am Sys. v. Atl. Ne. Rails & Ports, Inc.*,
    804 F.3d 59 (1st Cir. 2015) .....................................................8

*Pendleton v. City of Haverhill*, 156 F.3d 57 (1st Cir. 1998).....................6

*Piccone v. Bartels*, 785 F.3d 766 (1st Cir. 2015).........................................8

*Robinson v. Guy Gannett Publ'g Co.*,
    297 F. Supp. 722 (D. Me. 1969) ............................................10

*Rosenblatt v. Baer*, 383 U.S. 75 (1966) ........................................................8

*Schatz v. Republican State Leadership Comm.*,
    669 F.3d 50 (1st Cir. 2012) .....................................................9

Cases—continued:

*Serv. Parking Corp. v. Washington Times Co.*,
  92 F.2d 502 (D.C. Cir. 1937) ...................................................8

*Tersigni v. Wyeth*, 817 F.3d 364 (1st Cir. 2016)...................................6, 14

*Tidemark Bank for Sav., F.S.B. v. Morris*, 57 F.3d 1061 (1st Cir.
  1995) (unpublished table decision)..........................................14

*Veilleux v. Nat'l Broad. Co.*, 206 F.3d 92 (1st Cir. 2000) ..........................1

## CONSTITUTION, STATUTES, AND RULE

U.S. Const. amend. I .........................................................*passim*

28 U.S.C. § 1292 ..............................................................*passim*

14 M.R.S. § 556 (2012) .......................................................4

Me. R. App. P. 25 ...........................................................1, 5, 9

## OTHER AUTHORITIES

*About Us*, Seafood Watch,
  https://www.seafoodwatch.org/about-us................................................2

*Introduction & History*, Monterey Bay Aquarium,
  https://tinyurl.com/2rterypf ...................................................2

NOAA, 2017-2025 North Atlantic Right Whale Unusual
  Mortality Event (2021), https://tinyurl.com/ys4hsrs4..........................2

1 Robert D. Sack, Sack on Defamation (5th ed. Supp. 2025)....................7

**INTRODUCTION**

This case is not, as Plaintiffs now suggest, strictly a matter of Maine law. Rather, the Monterey Bay Aquarium Foundation's group libel and opinion defenses to Plaintiffs' defamation claim arise under both Maine law *and the First Amendment*. Plaintiffs' motion for certification to the Maine Supreme Judicial Court ("Maine Law Court") is an improper end run around the decisions by the district court and this Court to certify under § 1292(b) two issues of exceptional importance that implicate the Aquarium's federal constitutional right to free speech.

This Court should not abandon its "obligation … to safeguard precious First Amendment liberties," *Veilleux v. Nat'l Broad. Co.*, 206 F.3d 92, 106 (1st Cir. 2000), by punting to the state court. Indeed, neither the U.S. Supreme Court nor the Maine Law Court allows federal courts to certify issues of federal constitutional law. *See City of Houston v. Hill*, 482 U.S. 451, 471 n.23 (1987); Me. R. App. P. 25. This Court should address the issues presented and not "throw up its hands" to seek guidance from its "busy state colleagues." *Mundell v. Acadia Hosp. Corp.*, 92 F.4th 1, 6 (1st Cir. 2024) (citation omitted).

**BACKGROUND**

### A.  Factual Background

The Monterey Bay Aquarium Foundation's mission is to inspire conservation of the ocean.  *See Introduction & History*, Monterey Bay Aquarium, https://tinyurl.com/2rterypf.  To further that mission, the Aquarium publishes scientific reports and consumer guides that rate the environmental impact that various commercial fisheries have on the ocean ecosystem.  *See About Us*, Seafood Watch, https://www.seafoodwatch.org/about-us; ECF 1-2 at 4 ("Report").[1]

In 2022, the Aquarium published a 73-page peer-reviewed report, with more than a hundred references, that assessed the sustainability of the U.S. Northwest Atlantic pot fishery ("American lobster fishery").  As part of this assessment, the Aquarium considered the dangers that fishing "vessel strikes and [gear] entanglement" posed to the critically endangered North Atlantic right whale.  Report at 40-44 (citing NOAA, 2017-2025 North Atlantic Right Whale Unusual Mortality Event (2021), https://tinyurl.com/ys4hsrs4).  The Aquarium ultimately assigned the

---

[1] All ECF citations refer to No. 2:23-cv-129 (D. Me.).  Page citations refer to the CM/ECF system pagination.

American lobster fishery a "red"—*i.e.*, "avoid"—rating due to the potential harm caused to the right whale. *Id.* at 7. As the Aquarium's report explained, this red rating was precautionary and motivated in part by the lack of certainty over *which* specific fishing fleets— American or Canadian, pot-based or net-based—were responsible for the whale deaths. *Id.* at 40-42.

### B. Procedural Background

On March 14, 2023, five entities associated with Maine's lobster industry sued the Aquarium for defamation. ECF 1 at 1. Plaintiffs alleged that the Aquarium defamed them by "falsely depict[ing] the Maine lobster fishery as being directly responsible for right whale" casualties that should instead be attributed to "entanglements in Canadian snow crab gear, vessel strikes, climate change, and ocean noise." *Id.* at 4, 19.

As relevant here, the Aquarium moved to dismiss on the ground that the challenged statements were not "specifically directed at Plaintiffs" and so did not satisfy the "of and concerning" element of a defamation claim, because "neither Maine nor the First Amendment recognize group libel." ECF 19 at 5. The Aquarium also argued that

the challenged statements were "non-verifiable opinion" made in the context of a scientific debate and so were "protected by the First Amendment." *Id.* at 35. Separately, the Aquarium asserted that its statements were protected by Maine's then-operative anti-SLAPP statute, 14 M.R.S. § 556 (2012). *Id.* at 25.

The district court denied the Aquarium's motion to dismiss. ECF 56. The Aquarium then moved under 28 U.S.C. § 1292(b) for interlocutory review of "important First Amendment issues" that "the Maine courts and the First Circuit have not decided." ECF 64 at 2 (cleaned up). Specifically:

1) whether, as a matter of law, there can be an exception to the group-libel rule that permits defamation claims based on statements "encompass[ing] an entire … industry," comprising thousands of businesses and individuals; and

2) whether, as a matter of law, statements based on "'scientific sources' in the context of a public, scientific debate can 'give rise to a defamation claim.'"

*Id.* at 1 (citation omitted). Plaintiffs opposed the motion, but did not seek to certify any questions to the Maine Law Court. ECF 73.

On April 15, 2025, the district court granted the Aquarium's § 1292(b) motion. ECF 79. The Aquarium then petitioned this Court for interlocutory review of questions that arose "[u]nder Maine law *and*

4

the First Amendment." Pet. at 11, 20 (No. 25-8012) (emphasis added) ("Pet."). Again, Plaintiffs opposed but never suggested these issues should be certified to the state court. This Court granted the Aquarium's § 1292(b) petition.

The Aquarium separately appealed the district court's denial of its anti-SLAPP defense under the collateral-order doctrine. *See* No. 25-1206. The Court consolidated the § 1292(b) appeal with the separate anti-SLAPP appeal. *See* Order, Aug. 29, 2025 (No. 25-1772). Plaintiffs have not sought certification in connection with the anti-SLAPP portion of the appeal.

## LEGAL STANDARD

Federal courts "may certify questions of state law to state high courts" in their discretion. *Glassie v. Doucette*, 55 F.4th 58, 70 (1st Cir. 2022); *see also* Me. R. App. P. 25(a) (procedure for certifying "questions of state law"). Federal courts should not "resort to certification unless the issue presented is sufficiently *unsettled* under state law that [they] could not essay a reasonably clear prediction with adequate confidence." *Clarke v. Ky. Fried Chicken, Inc.*, 57 F.3d 21, 24 n.5 (1st Cir. 1995)

(emphasis in original) (citation omitted); *see also Mundell v. Acadia Hosp. Corp.*, 92 F.4th 1, 6 (1st Cir. 2024).

In addition, "one who chooses the federal courts in diversity actions is in a peculiarly poor position to seek certification." *Tersigni v. Wyeth*, 817 F.3d 364, 369 n.6 (1st Cir. 2016) (cleaned up). And this Court is "rarely receptive to requests for certification newly asserted on appeal." *Clarke*, 57 F.3d at 24 n.5 (alteration adopted) (citation omitted).

## ARGUMENT

## I.  Certification Is Unwarranted.

Plaintiffs seek to certify questions regarding the Aquarium's "group libel" and "non-verifiable opinion" defenses. But because both defenses have a "constitutional dimension," "federal law controls." *Pendleton v. City of Haverhill*, 156 F.3d 57, 68 (1st Cir. 1998) (discussing treatment of First Amendment defamation defenses). Certification is not appropriate over federal questions as this Court can answer those questions without certification. *See Noonan v. Staples, Inc.*, 561 F.3d 4, 7 (1st Cir. 2009) (declining certification to consider constitutionality of state libel statute).

The Aquarium has made clear at every juncture that its defenses to Plaintiffs' defamation claim involve the First Amendment. *See* ECF 19 at 3, 31 (motion to dismiss); ECF 64 at 2 (§ 1292 certification motion); Pet. at 1 (§ 1292 certification petition); *see supra* pp. 3-5.

First, the Aquarium's group-libel defense—*i.e.*, the argument that general references to an entire industry are not "of and concerning" Plaintiffs—arises under the Constitution. Defamation claims are "constitutionally defective" under the First Amendment unless plaintiffs can show that challenged statements are actually "of and concerning" them. *N.Y. Times v. Sullivan*, 376 U.S. 254, 288 (1964); *see Diaz v. NBC Universal, Inc.*, 536 F. Supp. 2d 337, 342 (S.D.N.Y. 2008) (citing *Sullivan* and noting that "of and concerning" element is of "constitutional dimension"); *see* 1 Robert D. Sack, Sack on Defamation § 2:9.1 (5th ed. Supp. 2025) ("The 'of or concerning' requirement has constitutional ramifications.").

The group-libel defense to the "of and concerning" element protects First Amendment interests by ensuring that courts will not "limit freedom of public discussion except to prevent harm occasioned by defamatory statements reasonably susceptible of special application

to a given individual." *Serv. Parking Corp. v. Washington Times Co.*, 92 F.2d 502, 506 (D.C. Cir. 1937); *see also, e.g.*, *Rosenblatt v. Baer*, 383 U.S. 75, 83 (1966) (explaining that a claim that involved statements "cast[ing] indiscriminate suspicion on the members of the group" was "constitutionally insufficient"); *Emerito Estrada Rivera-Isuzu de P.R., Inc. v. Consumers Union of U.S., Inc.*, 233 F.3d 24, 28 (1st Cir. 2000) (recognizing support for treatment of "'of and concerning' requirement as a constitutional norm" as it relates to "generalized criticism"); *Mich. United Conservation Clubs v. CBS News*, 485 F. Supp. 893, 900 (W.D. Mich. 1980) ("First Amendment values" required application of group-libel rule to bar defamation claim brought by organization of hunters and its members), *aff'd* 665 F.2d 110 (6th Cir. 1981).

The Aquarium's opinion defense, too, is grounded in the First Amendment. *See McKee v. Cosby*, 874 F.3d 54, 61 (1st Cir. 2017). The principle that defamatory opinions are not actionable is one of the "safeguards" that the Supreme Court has "designed to protect a vigorous market in ideas and opinions." *See Pan Am Sys. v. Atl. Ne. Rails & Ports, Inc.*, 804 F.3d 59, 65 (1st Cir. 2015) (citation omitted); *see also Piccone v. Bartels*, 785 F.3d 766, 774 (1st Cir. 2015) (statements of

opinion are "generally protect[ed]" by the First Amendment); *ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 497 (2d Cir. 2013) ("[S]tatements about contested and contestable scientific hypotheses ... for purposes of the First Amendment ... are more closely akin to matters of opinion.").

This Court should not pass these federal constitutional questions on to the Maine Law Court. *See* Me. R. App. P. 25(a) (limiting certification to questions of state law); *Doherty v. Merck & Co.*, 154 A.3d 1202, 1209 n.5 (Me. 2017) (rejecting party's request to consider constitutional issue related to certified question). Nor would this Court have any reason to do so. This Court considers constitutional defenses to state-law defamation claims all the time, and sometimes even chooses to "bypass" other state-law issues to consider "dispositive First Amendment principles." *Cheng v. Neumann*, 51 F.4th 438, 443 (1st Cir. 2022); *see Lemelson v. Bloomberg L.P.*, 903 F.3d 19, 23 (1st Cir. 2018) ("skip[ping] over the state-law elements of defamation" and "focus[ing] ... attention" on First Amendment defense); *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 56 (1st Cir. 2012) (similar); *see also Noonan*, 561 F.3d at 7 ("The question of the constitutionality of that

state [libel] law under the First Amendment is a federal question, which we could answer without certification."). Indeed, this Court never has had difficulty addressing the very defenses at issue in this case. *See, e.g.*, *Arcand v. Evening Call Publ'g Co.*, 567 F.2d 1163, 1164-65 (1st Cir. 1977) (group libel); *Conformis, Inc. v. Aetna, Inc.*, 58 F.4th 517, 534 (1st Cir. 2023) (group libel and protected opinion).

Plaintiffs do not even mention the First Amendment. Plaintiffs assert that "federal courts of appeal often certify questions involving unsettled principles of state defamation law to state courts of last resort." Mot. at 8. But no case they cite concerns First Amendment defenses. *See Desai v. Charter Comm'ns, LLC*, 835 F. App'x 25, 26 (6th Cir. 2020) (Kentucky defamation per se doctrine); *Adelson v. Harris*, 774 F.3d 803, 811 (2d Cir. 2014) (Nevada fair report privilege); *Cweklinsky v. Mobil Chem. Co.*, 297 F.3d 154, 160 (2d Cir. 2002) (Connecticut doctrine on self-publication); *see also Cheng v. Neumann*, 106 F.4th 19, 28 (1st Cir. 2024) (Maine anti-SLAPP choice-of-law issue). By contrast, nearly every case that Plaintiffs cite involving the group libel and scientific opinion issues was decided by a federal court. *See* Mot. at 10-12 (citing, *e.g.*, *Robinson v. Guy Gannett Publ'g Co.*, 297 F. Supp. 722

(D. Me. 1969); *ONY*, 720 F.3d 490; *Pacira BioSciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.*, 63 F.4th 240 (3d Cir. 2023)).

## II. Certification Under 28 U.S.C. § 1292(b) Does Not "Militate" in Favor of Certification.

Plaintiffs argue that the Court should order certification because the § 1292(b) factors for interlocutory review resemble some of the factors that this Court and the Maine Law Court consider in deciding whether to order and accept certification. As already discussed, certification is inappropriate when, as here, state-law questions also implicate federal constitutional law, even when other factors weigh in favor of certification. But this argument—which Plaintiffs do not support with any authority—also fails on its own terms.

First, even if the questions here implicated only state law (they do not), this Court's recognition that this interlocutory appeal involves novel and "controlling question[s] of law as to which there is substantial ground for difference of opinion" does not mean that this Court is ill-positioned to answer such questions. *See* Judgment, Aug. 12, 2025 (No. 25-8012). Certification is reserved for "exceptional instances," because federal courts "are competent to apply" state law. *McKesson v. Doe*, 592 U.S. 1, 5, 141 (2020). If a federal court can answer a question itself, then

it will not "throw up its hands" and "bother ... busy state colleagues" with certification. *Mundell v. Acadia Hosp. Corp.*, 92 F.4th 1, 6 (1st Cir. 2024) (citation omitted). This Court declines state-law certification on this basis with "monotonous regularity." *González Figueroa v. J.C. Penney P.R., Inc.*, 568 F.3d 313, 323 (1st Cir. 2009).

This Court can make a "reasonably clear prediction" as to the questions presented "with adequate confidence" by looking to "analogous decisions, considered dicta, scholarly works, and any other reliable data," and so has no need to trouble the Maine Law Court. *Clarke v. Ky. Fried Chicken, Inc.*, 57 F.3d 21, 24 n.5, 25 (1st Cir. 1995) (cleaned up). Multiple First Circuit and Maine cases, as well as authority from other jurisdictions, provide guidance on the group libel and opinion issues, even if they are not directly controlling. *See, e.g.*, *Arcand*, 567 F.2d at 1164-65 (group libel); *Conformis*, 58 F.4th at 529-30, 534 (group libel and scientific opinion); Pet. at 16-17, 23-24 (collecting cases). Given that federal and "state law is *sufficiently* clear to allow [the Court] to predict its course," certification is inappropriate. *Mundell*, 92 F.4th at 6 (emphasis in original) (citation omitted).

Second, the "policy" considerations that supported interlocutory review under § 1292(b) do not separately warrant certification. Although Plaintiffs repeatedly cite the Aquarium's brief for this point, *see, e.g.*, Mot. at 9, they neglect to mention that the "important public policy" concerns discussed in the Aquarium's brief related not to any Maine-specific policy but to the "significant First Amendment interests" at stake, Pet. at 18.

For their part, the only policy consideration that Plaintiffs identify is that this case "has enormous economic implications for the State of Maine," presumably because the challenged speech here allegedly defamed the lobster industry. Mot. at 12. But Plaintiffs ignore that the case has equally enormous implications for free speech and public interest organizations not only in Maine, but throughout the Circuit, like amici, who successfully called upon *this Court* to consider the case. *See generally* Public Citizen Br. (No. 25-8012); Reporters Comm. for Freedom of the Press Br. (No. 25-8012).

And state-court certification is not justified just because speech criticizes a major industry in a state. To the contrary, federal courts provide an important *neutral* forum to decide legal questions,

*particularly* when a state's major industry is involved. The cases that Plaintiffs cite in support of this "policy" argument are inapposite, *see* Mot. at 12, as they concern state laws that directly regulate state industry, *see, e.g.*, *Brown v. Crown Equip. Corp.*, 501 F.3d 75, 78 (1st Cir. 2007) (certifying question that could impose a post-sale duty to warn on manufacturers).

In any case, Plaintiffs are in a "peculiarly poor" position to make this policy argument now, given that they chose to file their case in federal court, not state court. *Tersigni v. Wyeth*, 817 F.3d 364, 369 n.6 (1st Cir. 2016) (citation omitted). This Court does "not look favorably ... on duplicating judicial effort." *Id.* (citation omitted).

Third, Plaintiffs never sought certification from the district court, which further "considerably weakens [their] argument for certification." *Tidemark Bank for Sav., F.S.B. v. Morris*, 57 F.3d 1061, 1061 n.5 (1st Cir. 1995) (unpublished table decision) (citation omitted). Plaintiffs have not offered any "compelling reason" for their delay in seeking certification, and so their request should be denied. *Nieves v. Univ. of P.R.*, 7 F.3d 270, 278 n.15 (1st Cir. 1993) (citation omitted); *see also*

*Emerito Estrada*, 233 F.3d at 29-30 (declining certification request as "too late, no such request having been made in the district court").

## III. Certification Would Needlessly Multiply and Delay This Litigation.

Certification would unnecessarily burden the Maine Law Court, increase litigation costs, and delay resolution in this matter.

Certifying questions to state court is "a cumbersome and time-consuming process" that "stops a case in its tracks, multiplies the work of the attorneys, and sharply increases the costs of litigation." *González Figueroa*, 568 F.3d at 323; *see also Mundell*, 92 F.4th at 6 (noting that certification "places a burden of time and expense on parties asked to redevelop, rebrief, and reargue the same issue multiple times in different fora" and "add[s] to the workload of the responding court" (citation omitted)).

The Aquarium sought interlocutory review under § 1292(b) to avoid "long and expensive litigation" that would "thwart[]" "the protective purpose of the First Amendment." *Kahl v. BNA, Inc.*, 856 F.3d 106, 109-10 (D.C. Cir. 2017) (granting § 1292(b) petition and resolving questions concerning First Amendment defenses to state-law claims). Certification would subject the Aquarium to yet another round

of briefing on purportedly state-law issues before it could address its constitutional arguments to this Court.  It could also add a year or more to this litigation, without any guarantee that the Maine Law Court will even answer the questions posed.  *See, e.g.*, *Franchini v. Investor's Bus. Daily, Inc.*, 981 F.3d 1, 3 (1st Cir. 2020), *certified question declined*, 268 A.3d 863, 867 (Me. 2022).  This outcome undermines Plaintiffs' own expressed desire to avoid "lengthy and unnecessary delay" in this case.  Pls.' Opp'n to Mot. to Stay at 2 (No. 25-1206).  It would also undermine the purpose of Maine's anti-SLAPP statute, which is to allow defendants to avoid additional and unnecessary litigation costs.  *Morse Bros. v. Webster*, 772 A.2d 842, 846 (Me. 2001).

In addition, Plaintiffs fail to acknowledge, much less explain, that their motion seeks to certify only a *portion* of this appeal.  They ignore that the Aquarium has also appealed dismissal of the case pursuant to the Maine anti-SLAPP statute.  *See* No. 25-1206; Order, Aug. 29, 2025 (consolidating appeals).  Plaintiffs presumably do not seek to certify that issue because they know the Maine Law Court has recently declined similar certification requests.  *Franchini*, 268 A.3d at 867.

Certification could not possibly resolve the appeal in favor of Plaintiffs. Even if they prevailed on both issues for which they seek certification, this Court would *still* have to resolve Defendants' appeal on the anti-SLAPP issue. For that reason as well, certification at this early juncture makes no sense. The merits panel will be in the best position to evaluate the issues in full, and to decide whether certification would help its disposition of the case.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion or, at a minimum, defer resolution of the motion to the merits panel, deny Plaintiffs' request to stay briefing, and set a briefing schedule.

Respectfully submitted,

By: /s/ Lisa S. Blatt

RUSSELL B. PIERCE, JR.          LISA S. BLATT
NORMAN, HANSON, &               *Counsel of Record*
DETROY LLC                      JOSEPH M. TERRY
  220 Middle Street, P.O. Box 4600    AMY MASON SAHARIA
  Portland, ME 04112               NICHOLAS G. GAMSE
  (207) 774-7000                   ALEXANDRA M. GUTIERREZ
  (202) 296-5660 (fax)             CLAIRE R. CAHILL
  rpierce@nhdlaw.com               WILLIAMS & CONNOLLY LLP
    680 Maine Avenue, S.W.
    Washington, DC 20024
    (202) 434-5000
    (202) 434-5029 (fax)
    lblatt@wc.com

*Attorneys for Defendant-*
*Petitioner Monterey Bay*
*Aquarium Foundation*

OCTOBER 2, 2025

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this brief contains 3,162 words, which does not exceed 5,200 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Expanded BT, size 14.

/s/ *Lisa S. Blatt*

LISA S. BLATT

DATED: OCTOBER 2, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system on October 2, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Lisa S. Blatt*

LISA S. BLATT

DATED: OCTOBER 2, 2025