# In the
# United States Court of Appeals for the First Circuit

BEAN MAINE LOBSTER, INC.,
MAINE LOBSTERMEN'S
ASSOCIATION, INC., MAINE COAST
FISHERMEN'S ASSOCIATION, INC.;
MAINE LOBSTER AND PROCESSING,
LLC D/B/A/ ATWOOD LOBSTER, LLC;
AND BUG CATCHER, INC.

    *Plaintiffs-Appellees*,

        v.

MONTEREY BAY AQUARIUM
FOUNDATION,

    *Defendant-Appellant*.

No. 25-1772

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF MOTION TO CERTIFY TO SUPREME JUDICIAL COURT OF MAINE**

    The Aquarium persuaded this Court to grant interlocutory review on two common-law defamation questions. The logical endpoint of the Aquarium's successful petition is certification of those questions to the Supreme Judicial Court of Maine, as Plaintiffs explained in opposing the appeal. But the Aquarium now resists that conclusion, arguing that this Court would be abdicating its responsibility to decide federal constitutional issues if it certified those questions to the Maine court. That argument is wrong and misunderstands defamation law.

"Although the First Amendment places limits on the application of the state law of defamation, it does not provide an independent source of federal defamation law." *Cheng v. Neumann*, 106 F.4th 19, 24 (1st Cir. 2024) (cleaned up). So while "a defamation suit has profound First Amendment implications, it is fundamentally a state cause of action." *Tucker v. Fischbein*, 237 F.3d 275, 281 (3d Cir. 2001) (cleaned up); *Wells v. Liddy,* 186 F.3d 505, 521 (4th Cir. 1999) ("The primary framework of a defamation claim . . . continues to be a state law tort claim."). The Aquarium confuses policy with law in its attempt to transform state-law defamation issues into federal questions. But even if the questions presented implicate First Amendment *interests*, they are not questions of First Amendment *law*.

In its effort to duck certification, the Aquarium buries its reasons for appealing these questions in the first place. The Aquarium now insists that the Court "never has had difficulty" with these questions, and that "state law is sufficiently clear." Opp. 10–12. But either these are novel, dispositive questions that should be answered by the state's court of last resort—or they are clear-cut issues that should have been

allowed to proceed in district court in the ordinary course. The Aquarium cannot have it both ways.

**ARGUMENT**

There is no dispute that the First Amendment can play a role in any defamation case. But the Aquarium's attempt to transform state-law defamation issues into federal constitutional defenses falls flat. Both questions at issue in this appeal—group libel and scientific debate—squarely involve predicate state common-law questions that the Maine Law Court should be given an opportunity to answer. The Aquarium instead would have this Court answer constitutional questions that might otherwise be avoided. To be sure, the First Amendment "overlays state defamation law and imposes a number of constraints on a plaintiff who seeks relief for defamation." *Sidni v. El-Moslimany*, 896 F.3d 1, 13 (1st Cir. 2014). But none of those constraints are at issue here.

**1.** The Aquarium insists that certification would be inappropriate because the issues affect "First Amendment interests," citing a string of statements about First Amendment policy. Opp. 7–8. Defamation is often "replete with First Amendment implications." *Jenkins v. KYW*,

829 F.2d 403, 405 (3d Cir. 1987) (cleaned up). But implications aside, defamation is "fundamentally a state cause of action," *Tucker*, 237 F.3d at 284, and "the primary framework of a defamation claim . . . continues to be a state law tort claim," *Wells*, 186 F.3d at 521. Merely invoking First Amendment policy does not convert state-law issues into constitutional doctrine.

Any First Amendment issues should only be addressed once the common-law issues are resolved. After all, "one of the most firmly established and respected doctrines in our jurisprudence [is] that federal constitutional issues should be avoided where other grounds of decision are available." *Cuesnongle v. Ramos*, 835 F.2d 1486, 1495 (1st Cir. 1987); *Potter v. City of Lacey*, 46 F.4th 787, 791 (9th Cir. 2022) ("It is well-established that [courts] should avoid adjudication of federal constitutional claims when alternative state grounds are available."). Certification to state court is therefore "advisable before addressing a constitutional issue." *Indiana Right to Life Victory Fund v. Morales*, 66 F.4th 625, 632 (7th Cir. 2023); *see Marcone v. Pent. Int'l Magazine for Men*, 754 F.2d 1072, 1077 (3d Cir. 1985) (addressing state law before First Amendment).

The Aquarium suggests that this Court should "bypass" the state-law issues. Opp. 9. That would be ill-advised. In each case the Aquarium cites, this Court "bypassed" state-law questions where it could apply settled First Amendment principles to the facts. *Cheng v. Neumann*, 51 F.4th 438, 444 (1st Cir. 2022) (statements were true or unprovable); *Lemelson v. Bloomberg L.P.*, 903 F.3d 19, 24 (1st Cir. 2018) (undisputed that plaintiff was subject to the "actual malice" threshold); *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 56 (1st Cir. 2012) (same).[1] Because the Aquarium asks this Court to impose "novel" constitutional limitations on Maine's defamation law, this Court should adhere to rule of constitutional avoidance.

**2.** The Aquarium suggests that its "of and concerning" defense "arises under the Constitution." Opp. 7. Not so. The "of-and-concerning" element is "a common law rule that a plaintiff in a defamation case must show that the statement referred to the plaintiff." *Emerito*

---

[1] *Noonan v. Staples* is even further afield. There, Staples raised new First Amendment issues in its petition for rehearing en banc, and moved in the alternative to certify them to the Supreme Judicial Court of Massachusetts. The court rejected that request, noting that "Staples should not be allowed to escape the consequences of waiver through certification." 561 F.3d 4, 7 (1st Cir. 2009).

5

*Estrada Rivera-Isuzu de P.R., Inc. v. Consumers Union of U.S., Inc.*, 233 F.3d 24, 26 (1st Cir. 2000). It is a deeply rooted common-law element, not a constitutional defense to defamation. *See Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991) (listing the "of-and-concerning" element as a function of "common law defamation"); *see also Macurda v. Lewiston Journal Co.*, 82 A. 438, 440 (Me. 1912); *Barnes v. Trundy*, 31 Me. 321, 324 (Me. 1850) (detailing this requirement).

The Aquarium cites *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, (1964), to argue that this is a constitutional issue. Opp. 7. This Court has found otherwise. In *Emerito Estrada*, this Court observed that Supreme Court caselaw "perhaps" could be read to "adopt in full the common law 'of-and-concerning' requirement as a constitutional norm." 233 F.3d at 27. But the Court saw "reason to be cautious." *Id.* It noted that the of-and-concerning element has common law roots, limiting third-party recovery in defamation cases. *Id.* at 26. Reading *Sullivan* and *Baer* to constitutionalize the of-and-concerning element would displace many state common-law claims. *Id.* at 27. Since those cases addressed efforts to punish criticism of the government, the Court instead reasoned that the of-and-concerning element has constitutional

character where the case involves "'libel of government' by 'impersonal criticism.'" *Id.* at 28; *Hudson v. Guy Gannett Broad. Co.*, 521 A.2d 714, 716 n.5 (Me. 1987) ("of-and-concerning" element has constitutional import "in public figure defamation cases").

No such interests are at play here. Plaintiffs are not public figures seeking to suppress public criticism—they are businesses seeking redress for harm to their livelihoods. Because this case does not feature public figures or government libel, there is no reason to divorce the of-and-concerning requirement from its common-law roots. *See Emerito Estrada*, 233 F.3d at 28; *e.g.*, *Hudson*, 521 A.2d at 717 (looking to state law on the "of-and-concerning" element).

**3.** The Aquarium incorrectly claims that protections for scientific statements are really a First Amendment "opinion defense." Opp. 8. But while the First Amendment protects statements with no "provably false factual connotation," *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990), it "does not command a wholesale defamation exception for statements that might be labeled opinions," *Sindi v. El-Moslimany*, 896 F.3d 1, 14 (1st Cir. 2018) (cleaned up). And the states employ different common-law standards to distinguish fact from opinion. *See* 1 Sack on

Defamation § 4:3.7 (collecting cases); *e.g.*, *Gascard v. Hall*, 293 A.3d 472, 475 (N.H. 2022) (deciding whether statement was an opinion "under New Hampshire law rather than the First Amendment"); *NetScout Sys. v. Gartner, Inc.*, 223 A.3d 37, 47 (Conn. 2020); *Boyle v. Dwyer*, 216 A.3d 89, 94 (N.H. 2019); *Lyons v. Globe Newspaper Co.*, 612 N.E.2d 1158, 1162 (Mass. 1993). Maine, too, looks to state law to make this distinction. *See Ballard v. Wagner*, 877 A.2d 1083, 1087 (Me. 2005). It is thus for the state's high court to decide whether, and in what circumstances, scientific statements qualify as opinion.[2]

Moreover, scientific statements "pose[] several problems for the fact-opinion paradigm of First Amendment jurisprudence," *ONY, Inc. v. Cornerstone Therap., Inc.*, 720 F.3d 490, 496 (2d Cir. 2013). As *ONY* recognized, "it is the very premise of the scientific enterprise that it engages with empirically verifiable facts about the universe." *Id*. And

---

[2] The Aquarium notes that the federal courts of appeals have often decided this issue. Opp. 10. But they have done so by reference to state law, not just federal law. *See ONY*, 720 F.3d at 498 (applying federal law to Lanham Act claims, then concluding New York would reach the same result on state-law claims); *Torrey v. Infectious Diseases Soc'y of Am.*, 86 F.4th 701, 704 (5th Cir. 2023) (applying general principles of state law without addressing choice-of-law dispute); *Pacira BioSciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.*, 63 F.4th 240, 245–49 (3d Cir. 2023) (applying both federal law and New Jersey law).

8

courts protect scientific statements as a prudential matter—noting that they "may be highly controversial and subject to rigorous debate by qualified experts," and "courts are ill-equipped to undertake to referee such controversies." *Id.* at 497. Thus, the question is not whether the First Amendment shields these statements as a matter of federal law, Opp. 8–9, but whether courts should protect them as a policy matter. *Cf. Cheng*, 106 F.4th at 29 (holding certification is appropriate when "the answer to the question may hinge on policy judgments best left to the state court" (cleaned up)).

**4.** The Aquarium also contends that review under Section 1292(b) does not counsel certification to the state's highest court. Opp. 11–15. But the Aquarium's attempt to avoid the import of the arguments it made to secure interlocutory review is unavailing. The courts of appeals often certify state-law questions presented in a Section 1292(b) appeal. *See, e.g.*, *Martin v. Goodrich Corp.*, 95 F.4th 475, 477–78 (7th Cir. 2024) (certifying to Supreme Court of Illinois in Section 1292(b) appeal); *ACS Primary Care Phys. Sw., P.A. v. UnitedHealthcare Ins. Co.*, 26 F.4th

716, 719 (5th Cir. 2022) (same, for Supreme Court of Texas).[3] And that makes sense. Section 1292(b) and Maine's certification rules ask whether the issues are novel, controlling, and outcome-determinative. The Aquarium has said as much, contending that the questions presented are "novel," "pivotal," "important," and "dispositive." Pet. Permission 4, 8, 12, 25; Mot. Certify 2–3, 7–9, 10–11.

Moreover, the Aquarium is wrong to insist that Plaintiffs failed to seek certification when they should have. Opp. 4–5, 14–15. Rather, Plaintiffs explained in their Opposition to the Aquarium's Petition that the questions presented "can only be definitively answered by the Supreme Judicial Court of Maine." Pls.' Opp. 26. Plaintiffs did not move for certification at that time because they had no reason to do so. Plaintiffs maintain that these issues should have remained in district court, and this appeal should never have been brought. *Id.* After this Court granted interlocutory review over Plaintiffs' opposition, Plaintiffs

---

[3] Indeed, the likelihood of certification is a significant reason why courts frequently deny Section 1292(b) appeals in cases like this. *Frazier v. Bickford*, No. 14-CV-3843 (SRN/JJK), 2015 WL 8779872, at *5 (D. Minn. Dec. 15, 2015) (collecting cases).

promptly moved to certify the issues at the earliest appropriate point, before the Court issued a briefing schedule in the consolidated appeal.

**5.** Finally, judicial economy and prudential concerns favor certification.

First, certification will not "unnecessarily burden," Opp. 15, the Maine Law Court because Maine has a "strong policy" of allowing its Supreme Judicial Court to decide novel issues of state law, *Dinan v. Alpha Networks Inc.*, 60 A.3d 792, 796 (Me. 2013), and encourages federal courts to certify such issues "[w]herever reasonably possible," *Kneizys v. FDIC*, 290 A.3d 551, 554 (Me. 2023); *Scamman v. Shaw's Supermarkets, Inc.*, 157 A.3d 223, 227 (Me. 2017) (stressing that certification "tends to avoid the uncertainty and inconsistency in the exposition of state law" caused by interim federal decisions on novel issues). This is unlike cases the Aquarium cites, Opp. 15, where the state-law is "reasonably clear." *Gonzalez Figueroa v. J.C. Penney P.R., Inc.*, 568 F.3d 313, 322 (1st Cir. 2009). The Aquarium persuaded this Court that the appeal involves "novel and important" issues—and the Maine Law Court is best positioned to answer them.

Second, while this Court is "competent" to decide the issues, Opp. 12, principles of "sound federalism" and judicial comity strongly favor certification, *Dinan*, 60 A.3d at 796. Certification "affords the State's highest court an opportunity to interpret [its law] in a way that may obviate the plaintiffs' constitutional concerns." *Dream Defenders v. Governor of the State of Fla.*, 57 F.4th 879, 889–90 (11th Cir. 2023). That's why "speculation by a federal court" regarding state common law "is particularly gratuitous when the state courts stand willing to address questions of state law." *McKesson v. Doe*, 592 U.S. 1, 6 (2020) (cleaned up). Because the Maine Law Court strongly prefers to decide novel issues itself, this Court should allow it to answer the state law questions before imposing federal constitutional mandates.

Third, contrary to the Aquarium's argument, Opp. 15, certification "save[s] time, energy, and resources." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). This case shows why. The Aquarium has appealed what it calls two "novel and important" issues. Pet. Permission 4. Those issues are consolidated with its Anti-SLAPP appeal, which involves the question whether Plaintiffs' claims are "devoid of factual support or any arguable basis in law." *Thurlow v. Nelson*, 263 A.3d 494, 501 (Me.

2021). The Maine Law Court's decision on certification will thus streamline all facets of this case—it will resolve the legal contentions raised in the Section 1292(b) appeal, and potentially simplify the Anti-SLAPP inquiry. Once those issues are decided, this case can proceed in federal court with clarity and precision.[4]

Finally, the Aquarium's argument that plaintiffs in diversity cases should not seek certification, Opp. 6, is taken completely out of context. In the Aquarium's only authority on this point, the plaintiff sought certification of state-law issues after a jury had rendered a verdict against him. *Tersigni v. Wyeth*, 817 F.3d 364, 369 n.6 (1st Cir. 2016). This is not a case where Plaintiffs seek "two bites at the cherry by applying to the state court after failing to persuade the federal court." *Id.* (quoting *Cantwell v. Univ. of Mass.*, 551 F.2d 879, 880 (1st Cir. 1977)). Plaintiffs won below and expected that the case would proceed in district court. Plaintiffs' motion is a reaction to the Aquarium's

---

[4] For the same reasons, this Court should reject the Aquarium's contention that certification would deprive it of an "important neutral forum." Opp. 13. Plaintiffs request certification of legal issues, not remand of the entire case. Once the Maine Law Court has answered the certified questions, the case would return to federal court for the application of those principles to the facts at hand.

decision to reframe this case as one presenting novel questions of law. This Court has determined those issues should be answered on immediate review. But they should be answered by the state court responsible for developing state law.

## CONCLUSION

This Court should grant Plaintiffs' motion.

Dated: October 9, 2025

By: /s/ *Megan Barbero*

VENABLE LLP

Megan Barbero (Bar No. 1136991)
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4540
mbarbero@venable.com

Edward P. Boyle (Bar No. 51191)
151 West 42nd Street, 49th Floor
New York, NY 10036
(212) 808-5675
epboyle@venable.com

Kevin J. Lipson (Bar No. 1215936)
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4415
kjlipson@venable.com

Kyle H. Keraga (Bar No. 1214412)
750 East Pratt Street, Suite 900
Baltimore, MD 21202
(410) 244-7650
khkeraga@venable.com

Stephanie Diu (Bar No. 1217562)
151 West 42nd Street, 49th Floor
New York, NY 10036
(212) 218-2536
spdiu@venable.com

RUPRECHT & BISCHOFF LLP

Clifford Ruprecht (Bar No. 74826)
75 Market Street, Suite 303
Portland, ME 04101
(207) 618-5400
cruprecht@rb-lawyers.com

*Attorneys for Plaintiffs-Appellees Bean Maine Lobster, Inc.; Maine Lobstermen's Association, Inc.; Maine Coast Fishermen's Association, Inc.; Maine Lobster and Processing, LLC d/b/a/ Atwood Lobster, LLC; and Bug Catcher, Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the type-volume limits imposed by Fed. R. App. P. 27(d)(2)(C) because it contains 2580 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). Additionally, this brief complies with the typeface requirements under Fed. R. App. P. 32(a)(5), and the type-style requirement under Fed. R. App. P. 32(a)(6), because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: October 9, 2025      /s/ *Megan Barbero*
                            Megan Barbero (Bar No. 1136991)

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2025, I caused the foregoing brief to be electronically filed using the Court's CM/ECF system. I further certify that all participants in this case are registered CM/ECF users, and that service on all parties will be accomplished through the CM/ECF system.

Dated: October 9, 2025                  /s/ *Megan Barbero*
                                        Megan Barbero (Bar No. 1136991)